OPINION OF THE COURT
Irving Lang, J.
A request to testify before the Grand Jury must be specific and unequivocal before the court can entertain a motion to dismiss the indictment pursuant to CPL 190.50 (5) (a).
facts
Defendant Phillip Leggio, a New York City police officer, *321 was arrested on March 12, 1986. He was arraigned in Manhattan Criminal Court on the charge of conspiracy in the second degree. Shortly thereafter, the prosecutor notified the defendant of the prospective Grand Jury proceedings. The case was presented to the Grand Jury between the latter part of May 1986 through July 1986. During that time there were approximately four or five adjournments while the parties were awaiting Grand Jury action. The defendant appeared in Staten Island Criminal Court on four occasions, the last being July 24, 1986, at which time a certification of Grand Jury action was offered by the prosecutor. The indictment, which names 26 defendants and contains 1,169 counts, ranging from conspiracy to substantive A-I drug sales and possession counts, was finally handed up during the first week of August 1986. Leggio is accused of conspiring to commit the crimes of criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in the second degree (Penal Law § 105.15); he was arraigned on those charges on August 15, 1986 in Manhattan Supreme Court.
ARGUMENT
Defendant claims that the Grand Jury proceeding was defective within the meaning of CPL 210.35 and 190.50 (5) on the ground that he was denied the opportunity to testify on his own behalf. The crux of defendant’s claim centers around a letter which his attorney wrote to the special narcotics prosecutor. Dated June 18, 1986, the letter states in pertinent part: "Please take notice that the defendant Phillip Leggio reserves his right to testify upon notice to this office of presentment of evidence against Mr. Leggio before the aforesaid grand jury”. Defendant Leggio argues that the prosecutor was not forthcoming regarding Grand Jury action against him and that his "request” to testify as denoted in the letter was completely ignored.
ANALYSIS
CPL 190.50 (5) (a) provides: "When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment * * * he serves upon the district attorney * * * a written notice making such request and stating an address to which communications may be sent *322 * * * [if] defendant * * * has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding * * * the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”. This section accords the defendant the right to be notified of a Grand Jury proceeding against him and an absolute right to appear before that body provided two conditions are satisfied: (1) the defendant must have been arraigned upon an as yet undisposed of felony complaint, and (2) he makes a "proper request” (and executes a waiver of immunity). (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 190.50, pp 278-279.)
The issue raised in this case is whether such proper request evincing Leggio’s desire to testify before the Grand Jury was ever made. In my view it was not. The letter of June 18th only states that the defendant "reserves” his right to testify. That communication merely reiterates a right which the Legislature created for any defendant in Leggio’s position. I hold that in order to effectuate that right, the defendant must activate it in an affirmative manner by making an unqualified, specific request to come before the Grand Jury and testify. It is only then that defendant’s right to testify accrues. (Once a proper request is made and served upon prosecutor the latter is required to notify the defendant that he may be heard by the Grand Jury at a specified time and place [CPL 190.50 (5) (b)].) "Reserving” one’s right to testify, as Leggio did, and "requesting” to appear before the Grand Jury, as the statute requires, are not synonymous. Since defendant’s letter did not constitute a request to testify within the meaning of the statute, the prosecutor had no obligation to notify Leggio to appear before the Grand Jury.
Accordingly, defendant’s motion to dismiss the indictment on the ground that his right to testify was circumvented by the prosecutor is denied.