■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK JOHNSON, Appellant. [602 NYS2d 850] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered November 20, 1991, convicting defendant, after jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 6½ to 13 years, unanimously affirmed.

Defendant waived his claim that the court should have charged petit larceny as a lesser included offense of second degree robbery when defense counsel, after initially requesting that the court charge third degree grand larceny, third degree attempted grand larceny, and petit larceny as lesser included offenses, excepted to the charge as given only insofar as it did not include third degree grand larceny. On the merits, the trial court properly denied defendant's request. Although petit larceny may be a lesser included offense of robbery (People v Ramirez, 165 AD2d 656, lv denied 77 NY2d 881), here no reasonable view of the evidence could support a finding that defendant was not part of the group that used force in shoving the victim, tore at his pocket, and some of whom assumed a boxing stance to ward off the passersby who attempted to intercede (see, People v Cabassa, 79 NY2d 722, 728-729). Even had there been no testimony that defendant himself had engaged in such conduct, he was clearly accessorily responsible for the use of force by his accomplices, as the trial court instructed.

Given defendant's record of felony offenses committed under similar circumstances, we perceive no abuse of discretion in sentencing (cf., People v Maryea, 157 AD2d 605, 606, lv denied 76 NY2d 792). Concur—Sullivan, J. P., Wallach, Kupferman and Nardelli, JJ.