■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CAROLINA, Appellant. [621 NYS2d 49] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered February 19, 1993, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 8 to 16 years, unanimously affirmed.

Defendant failed to preserve his current claim that police testimony impermissibly bolstered the complainant's identification testimony (CPL 470.05). In any event, the police testimony that the complainant had the opportunity to view defendant after his apprehension, without stating that the witness actually made an out-of-court identification of defendant, does not constitute bolstering *(People v Forbes,* 161 AD2d 485, 486, *lv denied* 76 NY2d 856). In light of the strong and unequivocal identification testimony of the complainant, there

is no reasonable probability that the details of the lineup procedure provided by the police witnesses served to improperly enhance that testimony *(supra)*.

Defendant's current claims of prosecutorial misconduct in summation are for the most part unpreserved by appropriate and timely objection, and in any event the challenged remarks were preceded by similar remarks by defense counsel in summation, all of which the trial court instructed were not to be considered as evidence in this case *(see, People v Arce,* 42 NY2d 179, 190). Further, when proper objections were entered they were sustained by the trial court. In all other respects, the prosecutor's summation, when viewed in the context of the defense summation, constituted appropriate response *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912), and fair comment on the evidence presented within the broad bounds of rhetorical comment permissible in closing argument *(People v Galloway,* 54 NY2d 396). Concur—Kupferman, J. P., Ross, Rubin and Williams, JJ.