■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR VARGAS, Appellant. [624 NYS2d 11] —Judgment, Su-

preme Court, New York County (Bernard Fried, J.), rendered October 6, 1993, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1½ to 4½ years, unanimously affirmed.

In this "buy-and-bust" prosecution, in which the nonrecovery of buy money was integral to the defense of misidentification it was relevant and material, as background evidence, for police officers to describe the organization and execution of a buy-and-bust operation *(People v Kelsey,* 194 AD2d 248; *People v Ramos,* 192 AD2d 324, *lv denied* 81 NY2d 1078), as well as to explain why buy money often is not recovered from suspects *(People v Kelsey, supra; People v Tevaha,* 204 AD2d 92, *affd* 84 NY2d 879). The mere fact that such evidence is introduced from several sources does not deprive the defendant of a fair trial. While it is the better practice for police officers not to quantify their experiences when drug suspects are not in possession of buy money *(see, People v Kelsey, supra),* such testimony in this case does not warrant reversal *(People v Tevaha, supra).*

Defendant failed to preserve his bolstering claims *(People v Carolina,* 211 AD2d 454). Since an arresting officer may testify that he or she acted on a description provided by the undercover officer, and that the suspect fit that description *(People v Hynes,* 193 AD2d 516, *lv denied* 82 NY2d 755), and that the undercover officer confirmed the identification *(People v Chapman,* 202 AD2d 297, *lv denied* 83 NY2d 965), we find no basis to review in the interest of justice.

We have considered the remaining claims and find they do not warrant any modification of the judgment. Concur—Sullivan, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.