■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN STEVENS, Appellant. [662 NYS2d 54] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered July 7, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly closed the courtroom during the testimony of the undercover police officers for the purpose of protecting their safety and the integrity of ongoing narcotics operations. As the court noted, the officers were still working actively in the neighborhood where defendant was arrested and felt it necessary to enter the courthouse by nonpublic routes in order to avoid having their identities revealed (*see, People v Ayala*, 90 NY2d 490). The court properly rejected defense counsel's alternative suggestion that the undercover officers wear disguises during their testimony, since the disguises likely would have interfered with the jurors' ability to assess the officers' demeanor on the stand.

The court properly admitted limited background testimony concerning the narcotics trade. Since the nonrecovery of buy money or additional drugs was raised to support the defense of misidentification, the officers were properly permitted to describe buy-and-bust operations, and to explain why buy money and drugs often are not recovered (*People v Vargas*, 213 AD2d 258, 259, *lv denied* 86 NY2d 742).

Defendant's challenges to the People's cross-examination and summation do not warrant reversal.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Tom and Colabella, JJ.