■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MADSEN, Appellant. [681 NYS2d 6] —Judgment, Supreme Court, New York County (Allen Alpert, J., at hearing; Rena Uviller, J., at plea and sentence), rendered March 26, 1997, convicting defendant of attempted burglary in the first degree, and sentencing him, as a second felony offender, to a determinate term of 5 years, unanimously affirmed.

By pleading guilty, defendant waived his contention that he

was denied his right to testify before the Grand Jury (*People v Harrison*, 249 AD2d 113, *lv denied* 92 NY2d 853; *People v Mathis*, 241 AD2d 337). Moreover, his motion to dismiss the indictment pursuant to CPL 190.50 (5) (c) was properly denied since he failed to file any written notice of his intention to testify before the Grand Jury prior to the filing of the indictment, a requirement that is strictly enforced (*People v Clay*, 248 AD2d 180).

Defendant has failed to satisfy his burden of demonstrating that the lineup procedures were unduly suggestive (*People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833; *People v Berrios*, 28 NY2d 361), since his assertions that the complainant must have seen him at the precinct before the lineup was conducted and that the subsequent identification was tainted by comments made to the complainant by the police officers are based on mere speculation.

Defendant has failed to establish any factual basis for his claim that his attorney simultaneously represented the codefendant, and has further failed to establish that any conflict that would have arisen because of the purported joint representation "operated" on the case (*People v Allen*, 88 NY2d 831; *People v Recupero*, 73 NY2d 877). Concur—Nardelli, J. P., Wallach, Tom and Andrias, JJ.