■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL JAMES, Appellant. [692 NYS2d 50] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered November 14, 1995, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The court properly refused to charge petit larceny as a lesser included offense of robbery since there was no reasonable view of the evidence that defendant, in taking property, acted separately from the group that used force on the victim (*see, People v Johnson*, 197 AD2d 473, *lv denied* 82 NY2d 897). Defendant's own statements established that he accompanied his companions to the victim's apartment, where, while his companions were beating the victim, he searched the apartment, looking for property. After heeding a companion's direction not to take the victim's television, defendant continued to look around the apartment and took the victim's jacket, whereupon defendant and his companions left together. Defendant's reliance on an exculpatory statement made by him is unavailing since, in that statement, defendant did not admit taking any property (*see, People v Smith*, 240 AD2d 300, *lv denied* 90 NY2d 911).

Contrary to defendant's claim, there was no error under *People v Trowbridge* (305 NY 471) because the officer's testimony describing the lineup procedure and stating that the victim viewed a lineup in which defendant was included, without stating that the witness actually identified defendant, does not constitute bolstering (*People v Carolina*, 211 AD2d 454, *lv denied* 85 NY2d 860). In any event, even if we were to find bolstering by inference, we would find the error to be harmless because defendant's identity, as opposed to his accessorial liability, was not at issue. Concur—Nardelli, J. P., Williams, Wallach, Lerner and Andrias, JJ.