■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD SANDERS, Appellant. [707 NYS2d 63] —Judgment, Supreme Court, New York County (Leona Leo, J., at suppression hearing and jury trial; Juanita Bing Newton, J., at sentence), rendered December 22, 1998, as amended March 2, 1999, convicting defendant of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

The court properly exercised its discretion in admitting evidence of defendant's arrest for an uncharged trespass, since this testimony was necessary to complete the narrative of the case, to explain how defendant came to be arrested in possession of the burglary complainant's property, and to dispel speculation by the jury (*see, People v Fay,* 85 AD2d 512, *appeal withdrawn* 56 NY2d 593; *see also, People v Till,* 87 NY2d 835). The court's thorough limiting instructions prevented any prejudice.

Defendant's suppression motion was properly denied. The lineup was not unduly suggestive because there was a suf-

ficient resemblance between defendant and the other lineup participants so that defendant did not stand out (*see, People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833).

There was no error under *People v Trowbridge* (305 NY 471) because the officer's testimony describing the lineup procedure, without stating that the witness actually identified defendant, does not constitute bolstering (*People v James*, 262 AD2d 139, *lv denied* 93 NY2d 1020; *People v Carolina*, 211 AD2d 454, *lv denied* 85 NY2d 860). Concur—Wallach, J. P., Lerner, Rubin and Buckley, JJ.