■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SMITH, Appellant. [796 NYS2d 655]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered April 28, 2003, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that he was deprived of his right to testify before the grand jury. CPL 190.50 (5) (a) provides a defendant with the right to testify before the grand jury "if, prior to the filing of any indictment . . . in the matter, he serves upon the district attorney of the county a written notice making such request." Although the defendant claims that he told his attorney of his desire to testify before the grand jury, we find no support in the record that either he or his attorney ever gave the required written notice to the District Attorney. Consequently, his motion to dismiss the indictment pursuant to CPL 190.50 was properly denied (*see People v Rogers*, 228 AD2d 623 [1996]).

The defendant's claim of error concerning the jury charge on recent and exclusive possession is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Fernandez*, 286 AD2d 444 [2001]; *People v Vasquez*, 11 AD3d 643 [2004]). In any event, any error was harmless in light of the overwhelming proof of the defendant's guilt (*see People v Hutton*, 220 AD2d 687, 688 [1995], *affd* 88 NY2d 363 [1996]; *People v Luperena*, 159 AD2d 727 [1990]). Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur.