THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAQUON N. TUCKER, Appellant. [807 NYS2d 85]—

Judgment, Supreme Court, New York County (Bruce Allen, J., at hearing and first application for new counsel; James A. Yates, J., at subsequent application for new counsel, jury trial and sentence), rendered August 7, 2003, convicting defendant of robbery in the first degree (14 counts), robbery in the second degree (14 counts), attempted robbery in the first degree (two counts), attempted robbery in the second degree, and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to an aggregate term of 21 years, unanimously affirmed.

The trial court properly admitted testimony concerning a showup procedure that the police conducted immediately after the robbery. The trial evidence made it abundantly clear to the jury that none of the witnesses were able to identify defendant,

who wore a bandana during the robbery, by means of facial recognition, and there was nothing in the testimony about the showup that suggested or implied the contrary. One of the witnesses testified that although he could not recognize defendant's face at the showup, he recognized defendant by his clothing and body build. This testimony was proper, as was police testimony that simply described the procedure and did not state or imply that anyone made an identification (*see People v Welcome*, 181 AD2d 628 [1992], *lv denied* 79 NY2d 1055 [1992]; *see also People v Sanders*, 271 AD2d 289 [2000], *lv denied* 95 NY2d 857 [2000]). In any event, were we to find that any of the challenged evidence concerning the showup was inadmissible, we would find the error to be harmless in view of the overwhelming evidence of defendant's guilt, which included his reliable and voluntary confession as well as physical evidence.

To the extent that the prosecutor deviated slightly from the court's *Sandoval* ruling, we conclude that defendant opened the door to such a deviation (*see People v Fardan*, 82 NY2d 638 [1993]). In any event, the deviation was essentially a matter of form rather than substance and was inconsequential. The prosecutor elicited no more than what the court had permitted, which was that defendant had an unspecified felony conviction.

In separate colloquies, the hearing and trial courts provided defendant ample opportunity to explain why he wanted the court to assign him new counsel (*People v Linares*, 2 NY3d 507, 510 [2004]; *People v Sides*, 75 NY2d 822 [1990]), and in each instance he failed to establish good cause for the substitution. Defendant's conclusory allegations and disagreements with his experienced and competent attorney over tactics did not constitute good cause (*People v Sawyer*, 57 NY2d 12, 19 [1982], *cert denied* 459 US 1178 [1983]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Andrias, Marlow, Gonzalez and Sweeny, JJ.