■ The People of the State of New York, Respondent, v Damione Gates, Appellant. [829 NYS2d 330]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered October 26, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant was observed by the police walking quickly from the vicinity of a reported stabbing, and he was then observed crouching near a stoop while placing something on the ground. The police immediately recovered a loaded weapon from the area by the stoop. Viewing the evidence in the light most favorable to the People, we conclude that there is a valid line of reasoning and permissible inferences to support the jury's finding that defendant possessed the loaded weapon (see generally People v Williams, 84 NY2d 925, 926 [1994]; Bleakley, 69 NY2d at 495). We reject defendant's further contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Even assuming, arguendo, that a different result would not have been unreasonable, we conclude that, when weighing the relative strength of the conflicting inferences that may be drawn from the evidence, it does not appear that the jury failed to give the evidence the weight it should be accorded (see id.).

Defendant further contends that Supreme Court erred in admitting the hearsay testimony of a police officer that impermissibly bolstered the testimony of another police officer. We reject that contention. The testimony of the officer that his partner told him to "hold up" because he observed defendant crouching near a stoop was properly admitted to explain why the officers approached defendant when they were en route to a

reported stabbing in the vicinity (*see People v Tosca*, 98 NY2d 660, 661 [2002]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.