■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STUART EBANKS, Appellant. [874 NYS2d 111]—

Judgment, Supreme Court, Bronx County (Judith S. Lieb, J.), rendered January 11, 2006, convicting defendant, after a jury trial, of aggravated criminal contempt, criminal contempt in the first degree (two counts), and stalking in the third degree, and sentencing him to an aggregate term of $3^2/_3$ to 11 years, unanimously affirmed.

The court properly exercised its discretion in permitting the People to introduce evidence of uncharged crimes that were probative of defendant's motive and intent and provided background information explaining the sequence of events and the relationship between defendant and the victim (*see e.g. People v Steinberg*, 170 AD2d 50, 72-74 [1991], *affd* 79 NY2d 673 [1992]). Unlike evidence of general criminal propensity, evidence that a particular victim was the focus of a defendant's continuing aggression may be highly relevant (*see People v Bierenbaum*, 301 AD2d 119, 150 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]), and the People "were not bound to stop after presenting minimum evidence" (*People v Alvino*, 71 NY2d 233, 245 [1987]). The probative value of this evidence outweighed any prejudicial effect, which was minimized by the court's suitable limiting instructions. Defendant's

constitutional argument is both unpreserved and without merit (*see People v Pettaway*, 30 AD3d 257 [2006], *lv denied* 7 NY3d 816 [2006]).

Defendant's argument, including his constitutional claim, that the court should have provided a remedy, beyond the inquiry it conducted, for his assertion that the police improperly destroyed allegedly exculpatory evidence is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Freedman, JJ.