■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE R. PEREZ, Appellant. [888 NYS2d 689]—

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered April 21, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a

weapon in the third degree, attempted assault in the second degree, endangering the welfare of a child and harassment in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and attempted assault in the second degree (§§ 110.00, 120.05 [2]). We reject the contention of defendant that he was denied his statutory right to testify before the grand jury and thus that County Court erred in denying his motion to dismiss the indictment on that ground (*see generally People v Smith*, 18 AD3d 888 [2005], *lv denied* 5 NY3d 794 [2005]). There is no evidence in the record that defendant or his attorney gave the requisite written notice to the District Attorney that defendant intended to testify before the grand jury (*see* CPL 190.50 [5] [a]). To the extent that defendant contends that he was denied effective assistance of counsel on the ground that his attorney failed to effectuate his intent to testify, we conclude that there is no indication in the record that defendant conveyed or attempted to convey his wish to testify to his attorney (*see People v Williams*, 301 AD2d 669 [2003], *lv denied* 100 NY2d 544 [2003]). In any event, even if defendant had informed his attorney of his wish to testify, "an attorney's failure to secure a defendant's right to testify before the grand jury, without more, does not establish ineffective assistance of counsel or require reversal" (*People v Rojas*, 29 AD3d 405, 405-406 [2006], *lv denied* 7 NY3d 794 [2006], citing *People v Wiggins*, 89 NY2d 872 [1996]). Viewing the evidence in light of the elements of the crime of criminal possession of a weapon in the third degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict convicting defendant of that crime is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject defendant's further contention that the court erred in admitting testimony concerning prior threats made by defendant to the victim. The evidence was relevant to establish defendant's motive (*see People v Mosley*, 55 AD3d 1371, 1372 [2008], *lv denied* 11 NY3d 856 [2008]), as well as to provide background information concerning the prior relationship between defendant and the victim (*see People v Meseck*, 52 AD3d 948, 950 [2008]). "Unlike evidence of general criminal propensity, evidence that a particular victim was the focus of a defendant's continuing aggression may be highly relevant"

(*People v Ebanks*, 60 AD3d 462, 462 [2009]; *see People v Hanson*, 30 AD3d 537 [2006], *lv denied* 7 NY3d 848 [2006]).

Defendant also contends that the cumulative effect of prosecutorial misconduct on summation deprived him of a fair trial. Inasmuch as defendant failed to object to any of the prosecutor's allegedly inappropriate remarks, his contention is unpreserved for our review (*see People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant's constitutional challenge to the persistent felony offender statute is not properly before us, inasmuch as there is no indication in the record that the Attorney General was given the requisite notice of that challenge (*see* Executive Law § 71 [3]; *People v Schaurer*, 32 AD3d 1241 [2006]). In any event, that contention is likewise unpreserved for our review (*see People v Phillips*, 56 AD3d 1168, 1169 [2008], *lv denied* 11 NY3d 928 [2009]), and it is without merit (*see People v Quinones*, 12 NY3d 116 [2009]; *see generally People v Rivera*, 5 NY3d 61, 66-68 [2005], *cert denied* 546 US 984 [2005]). We conclude that the court properly sentenced defendant as a persistent felony offender based upon his criminal history (*see People v O'Connor*, 6 AD3d 738, 740-741 [2004], *lv denied* 3 NY3d 645 [2004]), and that the sentence is not unduly harsh or severe.

The remaining contentions of defendant are raised in his pro se supplemental brief. Defendant failed to preserve for our review his contentions with respect to the composition of the jury pool (*see* CPL 270.10 [2]), and the court's alleged failure to administer the oath of truthfulness to prospective jurors (*see People v Hampton*, 64 AD3d 872, 877 [2009], *lv denied* 13 NY3d 796 [2009]; *People v Dickens*, 48 AD3d 1034, 1034 [2008], *lv denied* 10 NY3d 958 [2008]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to the crimes of criminal possession of a weapon in the third degree and attempted assault in the second degree (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Peradotto, Carni and Green, JJ.