# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

389
KA 06-02432
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND SCONIERS, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CHRISTOPHER RUMPH, DEFENDANT-APPELLANT.

KRISTIN F. SPLAIN, CONFLICT DEFENDER, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

CHRISTOPHER RUMPH, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered July 19, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (three counts) and robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of three counts of robbery in the first degree (Penal Law § 160.15 [4]) and one count of robbery in the second degree (§ 160.10 [3]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention in his main and pro se supplemental briefs that the verdict is against the weight of the evidence. Although an acquittal would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally Danielson*, 9 NY3d at 348; *People v Bleakley*, 69 NY2d 490, 495). Defendant was identified by both the victim and another witness, and the jury was entitled to reject the alibi testimony (*see People v Phong T. Le*, 277 AD2d 1036, 1036, *lv denied* 96 NY2d 762). Although there were discrepancies between the victim's description of the perpetrator to the police and the physical appearance of defendant, the victim's identification of defendant was not "incredible and unbelievable, that is, impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Wallace*, 306 AD2d 802, 802-803 [internal quotation marks omitted]), and the jury's resolution of credibility issues is entitled to great deference (*see People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942; *People v*

*Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831; *see generally Bleakley*, 69 NY2d at 495). Defendant failed to preserve for our review his further contention in his main and pro se supplemental briefs that he was deprived of a fair trial based on prosecutorial misconduct during summation inasmuch as he did not object to any of the alleged improprieties (*see People v Smith*, 90 AD3d 1565, 1567; *People v Mull*, 89 AD3d 1445, 1446). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to the contention of defendant in his main brief, "there was no error under *People v Trowbridge* (305 NY 471) because the [investigator's] testimony describing the lineup procedure and stating that the victim viewed a lineup in which defendant was included, without stating that the [victim] actually identified defendant, does not constitute bolstering" (*People v James*, 262 AD2d 139, *lv denied* 93 NY2d 1020; *see People v Tucker*, 25 AD3d 419, 419-420, *lv denied* 6 NY3d 839; *People v Jiminez*, 22 AD3d 423, 424). We conclude that defendant was not denied a fair trial based upon cumulative error (*see People v Lucie*, 49 AD3d 1253, 1253, *lv denied* 10 NY3d 936).

Defendant failed to preserve for our review his further contention in his main brief that County Court's *Allen* charge was coercive inasmuch as defendant failed to object to the charge on that ground (*see People v Vassar*, 30 AD3d 1051, 1051, *lv denied* 7 NY3d 796). In any event, we conclude that the charge as a whole was not coercive (*see People v Ford*, 78 NY2d 878, 880; *see e.g. People v Harrington*, 262 AD2d 220, 220, *lv denied* 94 NY2d 823; *People v Gonzalez*, 259 AD2d 631, 632, *lv denied* 93 NY2d 970). We reject defendant's contention in his main brief that the court abused its discretion in denying defendant's motion for a mistrial on the ground that the jury was deadlocked (*see* CPL 310.60 [1] [a]; *People v Love*, 307 AD2d 528, 530-531, *lv denied* 100 NY2d 643; *People v Novak*, 179 AD2d 1053, 1054, *lv denied* 79 NY2d 922). Contrary to the further contention of defendant in his main brief, he was not denied his statutory right to testify before the grand jury, and thus the court properly refused to dismiss the indictment on that ground (*see e.g. People v Perez*, 67 AD3d 1324, 1325, *lv denied* 13 NY3d 941; *People v Smith*, 18 AD3d 888, *lv denied* 5 NY3d 794). A defendant has the right to testify before the grand jury "if, prior to the filing of any indictment . . ., he [or she] serves upon the district attorney of the county a written notice making such request" (CPL 190.50 [5] [a]; *see People v Evans*, 79 NY2d 407, 409; *Perez*, 67 AD3d at 1325; *Smith*, 18 AD3d 888) and, here, "[t]here is no evidence in the record that defendant or his attorney gave the requisite written notice to the District Attorney that defendant intended to testify before the grand jury" (*Perez*, 67 AD3d at 1325).

Finally, we reject the contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel (*see generally People v Caban*, 5 NY3d 143, 152; *People v Baldi*, 54

NY2d 137, 147).

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court