OPINION OF THE COURT
Barry A. Schwartz, J.
Defendant’s motion is granted to the extent set forth in the accompanying memorandum decision.
The defendant moves to dismiss the indictment on the grounds that he was deprived of his right to testify on his own behalf before the grand jury (CPL 190.50 [5] [a], [c]). The District Attorney opposes on the grounds that the defendant “never served any notice of his intention to testify” as required by the statute (affirmation in opposition para 1; CPL 190.50 [5] [a]).
Findings of Fact
On March 23, 2012 the defendant was arraigned in criminal court and charged with 500 counts of promoting a sexual performance by a child (Penal Law § 263.15) and 500 counts of possessing a sexual performance by a child (Penal Law § 263.16). Although the People served written notice pursuant to CPL 190.50 (5) (a) no cross notice was served by the defendant at that time.
*664 For the next year and a half, while the defendant was out on bail, the District Attorney and counsel for the defense engaged in a series of cordial and unhurried negotiations. Defense counsel’s strategy never deviated. First, he hoped to convince the District Attorney that his client suffered from Asperger’s disorder as a basis for disposing of the case (and a related violation of probation pending before Justice Wong) without jail time. Alternatively, defense counsel hoped to avoid an indictment by presenting a defense of either lack of knowledge or lack of capacity due to “mental disease or defect” to the grand jury by expert testimony and testimony from the defendant.
On June 26, 2013 the People advised defense counsel that after due consideration of the forensic reports and evaluations of the defendant they were prepared to offer a plea to Penal Law § 263.15 with a recommended sentence of 1 to 3 years. They further promised not to take a position on sentence concerning the violation of probation.
On August 8, 2013, having failed to obtain a plea with a promise of no jail time, and after failing to obtain a personal audience with District Attorney Brown to plead his case, defense counsel wrote a letter to the prosecutors outlining his legal and factual grounds for presenting his defense to the grand jury. In the letter counsel stated that he “reserve [d] all rights pursuant to CPL § 190.50 (5) and (6).” He concluded the letter as follows: “In the event the Grand Jury elects to hear the proposed defense witnesses, please advise me as soon as possible as to several alternative dates which will be mutually agreeable for our experts and Defendant to be available. With great appreciation for your anticipated courtesies.”
Three months later, on November 6, 2013, the prosecutor advised defense counsel by letter that, pursuant to People v Lancaster (69 NY2d 20 [1986]), the People would not allow defense witnesses to appear in the grand jury. They further stated that “[t]he defendant, of course, has a right to testify in the Grand Jury and will have the opportunity to do so if he wishes.”
On November 13, 2013 the People served a second CPL 190.50 notice. On that day defense counsel stated by email that he could not make a final decision about defendant testifying until the issue of putting expert witnesses into the grand jury was resolved, either by the grand jury or the court. The date for the defendant’s appearance came and went without a presentation.
After a brief unsuccessful effort to dissuade the prosecutors from their position, defense counsel scheduled a November 20, *665 2013 court appearance before Hon. Gregory L. Lasak, supervising justice of the grand jury. The parties orally argued the issue and when the judge reserved decision each side stated that they would submit additional written arguments. On that same day Justice Lasak urged the District Attorney to reconsider its position on jail time with respect to a plea, suggesting that it might behoove them to have their own expert examine the defendant in aid of disposition.
The parties again appeared before Justice Lasak on January 9, 2014. On that day he suggested a provisional disposition wherein the defendant would plead guilty, the sentence would be postponed for a set period of time and, if the defendant did not re-offend, he would be placed on probation. The prosecutor indicated that she would discuss the matter with her office. Justice Lasak stated that he would withhold formally ruling on defendant’s application pending the result of those discussions and adjourned the case. Defense counsel also waived his speedy trial rights to March 7, 2014.
On the adjourned date, January 28, 2014, the prosecutor advised Justice Lasak that the People’s position on a disposition was unchanged. The judge then denied the defendant’s application. Defense counsel reiterated his speedy trial waiver and stated that “it is my current anticipation, after consulting with the family, to possibly proceed in the Appellate Division.”
On February 10, 2014 the People served (by email) a third 190.50 notice on defense counsel advising him that if defendant wished to testify he would be permitted to do so on February 21, 2014 at 2:00 p.m. The notice further stated:
“If you do not appear on the aforementioned date, your right to testify before the Grand Jury will be deemed waived and the case charged and voted accordingly. Should you desire to change the date, have your attorney contact this office at the below-listed number to determine an alternative date acceptable to the People and within the term of the Grand Jury.”
In a series of emails that day defense counsel stated that he thought they had agreed that he could have until the day of his speedy trial waiver (Mar. 7) to seek appellate relief. When the prosecutor denied making such an agreement defense counsel asked for “three weeks” (Mar. 3), pleading both a plethora of other legal work and that he potentially faced a series of medical tests scheduled during the interim. The prosecutor refused *666 and asked if the defendant was going to testify. Defense counsel replied, “If it is going to happen it will have to be the next week.”
On February 19, 2014 (again by email) the prosecutor again inquired if the defendant was going to testify. She also told counsel that once the case was presented to the grand jury the offer of 1 to 3 years would be rescinded and not re-offered post-indictment. Defense counsel replied that he intended to submit his papers to the Appellate Division either Friday (Feb. 21) or the following Monday. At 4:11 p.m. the prosecutor sent the following email: “As I notified you in my prior e-mail, the grand jury presentment in this matter will proceed tomorrow. I assume, based upon your e-mail, that the defendant will not be exercising his right to testify before the grand jury” (emphasis added).
Defense counsel replied that he could not make that decision, that his doctor appointment was that week, and that if he failed to get a stay in the Appellate Division “he would inform [her] next Monday what day Defendant would be available.” In a follow-up email (4:44 p.m.) he reminded the prosecutor that the original date for the grand jury presentment was February 21 and that “Given your position, I am committing myself to appear in the Appellate Division that morning” (Feb. 21) to seek a stay. This email provided the District Attorney with notice pursuant to 22 NYCRR 670.5 (e). Two follow-up emails and a telephone call went unanswered by the prosecutor that day.
On the following day (Feb. 20) defense counsel sent two more emails and made several phone calls to the prosecutor, all of which went unanswered. In these emails, one of which was actually sent from his cardiologist’s office, defense counsel advised the prosecutor that he was going to the Appellate Division that day (Feb. 20). Defense counsel in fact went to the Appellate Division and submitted his papers to the clerk. No representative from the District Attorney’s office chose to appear in opposition to his stay application. Instead, at 3:59 p.m. counsel received an email message from the prosecutor advising him that the defendant had been indicted.
Conclusions of Law
The defendant contends that the District Attorney’s last-minute decision to present and vote this case in the grand jury one day before the date set forth in its most recent 190.50 (5) notice — while defense counsel was actually in the Appellate *667 Division seeking a stay, violated the statute and requires dismissal of the indictment. A close reading of the People’s memorandum of law fails to unearth a specific argument that their actions from the late afternoon of February 19th to February 20, 2014 provided the defendant with a “reasonable time to exercise his right to appear as a witness,” as required under the statute (CPL 190.50 [5] [a]). Instead they contend that they were not required to do so in this case and for this reason, dismissal is not warranted.
Section 190.50 (5) (a) reads as follows:
“When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein.” (Emphasis added.)
As the Court of Appeals has counseled “[t]he concept of reasonableness [under this statute] is flexible and must be applied to the particular facts of a case as known at the time” (People v Sawyer, 96 NY2d 815, 816 [2001]). Applying this doctrine to the facts at bar, the court finds that the presentation and voting of the indictment on February 20, 2014 violated the statute.
From March 23, 2012, the day defendant was arraigned in criminal court, through January 28, 2014, a period of over 20 months, the District Attorney evaluated and considered defense counsel’s request that the case be disposed of without jail time. Although the People had served a CPL 190.50 notice at arraignment neither party appeared in any particular hurry to present the case to the grand jury.
*668 When the negotiations appeared to be unfruitful defense counsel sought to persuade the prosecutor and thereafter, Justice Lasak, to allow him to present expert witnesses to the grand jury for the purpose of interposing a defense of “mental disease or defect” and to negate the element of “knowingly.” While the case was before Justice Lasak a second CPL 190.50 notice expired without a grand jury presentment. On January 28, 2014, Justice Lasak’s efforts to effect a plea bargain were rejected by the District Attorney and he formally denied the defendant’s application. Defense counsel then gave a rather ephemeral indication that he might “proceed in the Appellate Division” to challenge Justice Lasak’s decision.
Given the age of the case, the heretofore generous pace at which the prosecutor had allowed the matter to proceed and the uncertain opining of defense counsel on the subject of seeking appellate relief, the court finds that the District Attorney had a legitimate concern that defense counsel might not proceed expeditiously in the Appellate Division. Indeed, as it turned out, although the issues had twice been thoroughly briefed by defense counsel — once for the District Attorney’s consideration and then for Justice Lasak’s consideration, he did not seek a stay in the Appellate Division for more than three weeks.
Having heard nothing from defense counsel from January 28 until February 10 it was perfectly appropriate for the District Attorney to impose a time frame on that day by serving a third 190.50 notice on defense counsel setting a date for defendant to testify. The 11-day notice (to Feb. 21 at 2:00 p.m.) was more than adequate and certainly complied with the People’s statutory obligation to provide the defendant with “reasonable time to exercise his right to appear.” On the other hand, given the long history of this case common courtesy might well have warranted granting defense counsel’s request for an additional day or two to address his medical needs.
But knowing by February 19th that defense counsel was pressed for time by reason of their own decision to deny his request for a delay and knowing by this time that defense counsel was going to seek a stay, it is unfathomable why, at 4:11 in the afternoon, the prosecutor declared that the People would present the case on the following day, rather than the 21st at 2:00 p.m. as the 190.50 notice indicated.
The People point out that CPL 190.50 does not oblige them to state when the presentation is to begin but merely when the defendant would be permitted to exercise his right to testify. They *669 reason that commencing the presentation a day earlier, therefore, did not legally affect the legality of the February 10 190.50 notice. This is both true and irrelevant since in this case, the People not only presented the case to the grand jury on February 20th but voted it on that day. By doing so they deprived the defendant of the time to which he was entitled to exercise his right to testify (see People v Evans, 79 NY2d 407 [1992]).
His own dalliance notwithstanding, defense counsel had a right to rely upon the date and time set forth in the People’s 190.50 February 10 notice as the time within which he was obliged to either obtain a stay or exercise his client’s right to testify (People v Ocasio, 160 Misc 2d 422, 426 [Sup Ct, Bronx County 1994, Marcus, J.], quoted with approval in People v Rivers, 166 Misc 2d 98, 101 [Sup Ct, Kings County 1995, Gary, J.]). But having unilaterally shortened the time, whether the People have provided the defendant with “reasonable time” must, of course, be measured from the time the last notice is actually given. Here, the “notice” was given at 4:11 p.m. on the day before the presentation. The court finds this notice did not provide “reasonable time” and is therefore in violation of the statute.
The People’s primary justification for having advanced, presented and voted the case is that the defendant’s failure to clearly declare an intention to testify, in spite of their numerous efforts to obtain a definitive answer, extinguished their own obligation under the statute to provide “reasonable time.” They argue that it was defense counsel,
“in repeatedly ignoring the People’s good-faith requests for an answer as to whether defendant would testify that led the People to conclude, justifiably, that defendant in fact never had any intention to testify in the grand jury. Therefore, his rights under CPL § 190.50 (5) could not possibly [have] been violated” (People’s mem at 9-10).
This argument assumes, without foundation, that there was some time prior to the date and time set forth in the notice that defendant was obliged to meet under the statute in order to preserve his right and that at some time prior to that date and time the Assistant District Attorney may “conclude” that the defendant does not wish to testify (see People’s mem at 9).
No such “prior” deadline exists. It is the defendant who is entitled to “reasonable time” under the statute, not the People nor the grand jury. The time frame for a cross notice from the *670 defense is set by the People when they state a date and time in their 190.50 notice. A defendant provided with notice and “reasonable time” could theoretically delay filing his cross notice until the very date and time set forth in the People’s notice and the grand jury would still be required to hear his testimony.
Alternatively, the People argue that the defendant’s failure to file a proper cross notice extinguished his right to “reasonable time.” Citing People v Madsen (254 AD2d 152 [1st Dept 1998]) they assert that “only when [the defendant’s] notice is served and filed is the defendant entitled to ‘reasonable time’ to exercise his right to appear” (People’s mem at 10). But, neither Madsen, nor any of the other cases the People cite (People v Griffith, 76 AD3d 1102 [2d Dept 2010]; People v Smith, 18 AD3d 888 [2d Dept 2005]; People v Rogers, 228 AD2d 623 [2d Dept 1996]; People v Lawrence, 64 NY2d 200, 206-207 [1984]) support this construction of the statute.
Contrary to the People’s contention, their obligation to give “reasonable notice” is not tied to the existence or nonexistence of a defendant’s “cross notice.” Rather it is an independent obligation that is triggered by the existence of an undisposed of felony complaint. This was made clear by former Chief Judge Kaye in People v Smith (87 NY2d 715, 720-721 [1996]):
“CPL 190.50 (5) (a) mandates that, where the defendant has been arraigned upon an undisposed felony complaint, the People ‘must’ notify the defendant of the Grand Jury proceeding and accord a reasonable time to appear. This provision, adopted as part of the recodification of the Code of Criminal Procedure, expanded a defendant’s rights to receive notice of pending or prospective Grand Jury proceedings (see, People v Evans, 79 NY2d at 412-413). Significantly, any indictment obtained in violation of the statutory notice and waiver provisions ‘is invalid’ and ‘must be dismissed’ upon timely motion (CPL 190.50 [5] [c]; see also, CPL 210.20, 210.35 [4]).”
As the Court explained in People v Evans (79 NY2d at 413-414), CPL 190.50 (5) “protect[s] defendants’ valued statutory option to appear at this critical accusatory stage to offer testimony that may affect the Grand Jury’s consideration of the otherwise exclusive, ex parte presentment of evidence by the prosecution.” To guard against abridgement of this “ ‘valued’ ” right, the Court of Appeals has further ordered that it “ ‘must be scrupulously protected’ ” (People v Smith, 87 NY2d at 721, *671 quoting People v Corrigan, 80 NY2d 326, 332 [1992]; see e.g. People v Evans, 79 NY2d at 414 [affirming dismissal of indictment, because statutory right to testify was not satisfied by opportunity to appear after grand jury had voted indictment]).
Construing the statute as the People suggest, to wit, that the “reasonable time” requirement must be triggered both by the existence of an undisposed of felony complaint and the filing of a cross motion is contrary to the express language of the statute, the express language in Smith and, perhaps most importantly, the fact that the statute was designed to expand the defendant’s right to notice, not diminish it (Smith; Evans; Corrigan). To the extent that two pre-Smith cases, People v Leggio (133 Misc 2d 320 [Sup Ct, NY County 1986, Lang, J.]) and People v Punter (150 Misc 2d 136 [Sup Ct, Bronx County 1991, Marcus, J.]) can be read to hold otherwise, this court believes that the subsequent holding of the Court of Appeals in Smith is controlling.
The court finds that, under the facts and circumstances of this case (see People v Sawyer), the unjustified, unnecessary and last-minute advancement of this grand jury presentment and vote at a time when defense counsel was actually in the Appellate Division seeking a stay violated the “reasonable time” provision of CPL 190.50 and mandates dismissal of the indictment whether or not defense counsel properly filed cross notice (People v Smith).
In any event, the court finds that the defense counsel’s letter of August 8, 2013 constituted proper notice, under CPL 190.50 (5) (a). In the letter he specifically reserved all rights pursuant to CPL 190.50 (5) and (6). The letter concludes with a request for “dates which will be mutually agreeable for our experts and Defendant to be available” (emphasis added). The letter is a crystal clear written declaration by the defendant of his intention to testify and easily satisfied the statutory requirement.
Relying upon two nisi prius cases (People v Leggio and People v Punter) the prosecutor argues that defense counsel’s use of the term “reserve” fatally dilutes the letter as a lawful 190.50 notice. The court disagrees. Defense counsel’s specific assertion that he would make his client available on mutually agreeable dates makes the letter more than a mere “reservation of rights,” a term that those two courts found insufficient. As such the two cases are factually distinguishable.
Were they not distinguishable, this court would not follow them. If it is indeed true that, as the Leggio court found, *672 “ ‘[reserving’ one’s right to testify . . . and ‘requesting’ to appear before the Grand Jury . . . are not synonymous” (Leggio at 322), it is a definitional distinction that is too fine to warrant the conclusion that the use of one word preserves the right and the other does not. Such a view flies in the face of the directive in People v Corrigan (at 332) that the right of a defendant to testify in the grand jury be “scrupulously protected.”
It also flies in the face of what all criminal practitioners on the bench and bar understand, which is that all cross notices are mere reservations of rights, that is, they are designed to reserve a defendant’s right to testify, rather than a genuine declaration of an intention to appear. Anyone familiar with arraignment practices throughout this state knows that 190.50 notices are routinely exchanged by the parties. Defense counsel, at such an early stage, is rarely in a position to make such a critical decision at that time. They know, and the prosecutor knows, that the notice binds them to absolutely nothing. They know, and the prosecutor knows, not only that it may be withdrawn at will, but that in the vast majority of cases, it will be withdrawn.
Thus, however they are worded, all 190.50 cross notices are mere reservations of rights. As such, this court ascribes no legal significance to defense counsel’s use of the term “reserve.” The notice was legally proper and defendant’s right to testify in the grand jury was improperly impeded by the District Attorney.
Because the court is dismissing the indictment on the aforementioned grounds the defendant’s contentions concerning CPL 190.50 (6) will not be addressed.
The indictment is dismissed. Leave to re-present this case to another grand jury is granted provided that the District Attorney serve a notice pursuant to CPL 190.50 (5) (a) on defense counsel setting a date and time which affords the defendant at least three weeks’ time within which to pursue whatever remedies he may deem appropriate.