22-1297 (L)
*Totesau v. Lee*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-three.

Present:
>    DEBRA ANN LIVINGSTON,
>        *Chief Judge*,
>    DENNY CHIN,
>    MICHAEL H. PARK,
>        *Circuit Judges*.

_____

TROY TOTESAU,

>    *Petitioner-Appellant*,

>    v.                                                        22-1297 (L), 22-1545 (con)

WILLIAM LEE,

>    *Respondent-Appellee*.

_____

For Petitioner-Appellant:           LAWRENCE GERZOG, New York, NY.


For Respondent-Appellee:           AUTUMN S. HUGHES (Tammy J. Smiley, *on the brief*), Assistant District Attorneys *for* Anne T. Donnelly, District Attorney, Nassau County, Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Troy Totesau ("Totesau") appeals from the May 26, 2022 judgment of the United States District Court for the Eastern District of New York (Chen, *J.*), denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court granted a narrow certificate of appealability as to whether Totesau's state court trial counsel was constitutionally ineffective for failing to object to alleged bolstering testimony put on by the prosecution. *See Totesau v. Lee*, 19-cv-06992, 2022 WL 1666895, at \*48 (E.D.N.Y. May 25, 2022).

Totesau's present imprisonment stems from his 2011 conviction in New York state court on two first-degree robbery counts, two first-degree burglary counts, one second-degree robbery count, five second-degree unlawful imprisonment counts, and four counts of second-degree attempted assault for his involvement in a home invasion during the summer of 2009. The New York state courts rejected his post-conviction motions to vacate judgment, affirmed his conviction, and denied his subsequent coram nobis petition. *See Totesau v. Lee*, 19-cv-06992, ECF Doc. Nos. 7-18, 7-28 (New York Supreme Court denying post-conviction motions); *People v. Totesau*, 2012-10039, 2013 WL 3215659 (App. Div. 2013) (denying leave to appeal the denial of Totesau's post-conviction motions); *People v. Totesau*, 977 N.Y.S.2d 364 (App. Div. 2013) (affirming convictions); *People v. Totesau*, 2011-02333, 23 N.Y.S.3d 589 (App. Div. 2016) (rejecting petition for writ of error coram nobis). Totesau sought federal habeas relief on various grounds, including the claim that he was deprived of the effective assistance of counsel at trial in violation of the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668 (1984). We assume the parties'

2

familiarity with the facts and procedural history of this case. For the reasons that follow, we affirm.

"We review a district court's denial of a habeas petition de novo." *Anderson v. Miller*, 346 F.3d 315, 324 (2d Cir. 2003). Here, because New York state courts adjudicated Totesau's claims on the merits, the district court could properly have issued habeas relief only if the state courts' resolution "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Jones v. Stinson*, 229 F.3d 112, 119 (2d Cir. 2000). The deferential standard of the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies even when the state court decision "does not explicitly refer to either the federal claim or to relevant federal case law." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001). "Where, as in this case, 'there is no basis either in the history of the case or the opinion of the Appellate Division for believing' that the claim at issue 'was denied on procedural or any other nonsubstantive grounds,' a terse statement that 'remaining contentions are without merit' suffices to trigger AEDPA's heightened standard of review." *Dallio v. Spitzer*, 343 F.3d 553, 560 (2d Cir. 2003) (quoting *Brown v. Artuz*, 283 F.3d 492, 498 (2d Cir. 2002)). "[W]here the alleged constitutional error on habeas review is ineffective assistance of counsel, the petitioner must show that the state court unreasonably applied [*Strickland*] and its progeny." *See Pierre v. Ercole*, 560 F. App'x 81, 82 (2d Cir. 2014).

To establish ineffective assistance of counsel under *Strickland*, a habeas petitioner must demonstrate that (1) his representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) prejudice resulted such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687–88, 694; *Santone v. Fischer*, 689 F.3d 138, 154

3

(2d Cir. 2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. With respect to the first prong, counsel is "strongly presumed" to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

In this case, the first question is whether Totesau's counsel failed to adhere to prevailing professional norms when he did not object to allegedly improper bolstering testimony by prosecution witnesses. New York rules of evidence prohibit "bolstering," which its high court has defined as "the testimony of a third party (typically, a police officer) to the effect that the witness identified a defendant as the perpetrator on some prior occasion." *People v. Spicola*, 922 N.Y.S.2d 846, 852 (N.Y. 2011) (quoting *People v. Buie*, 634 N.Y.S.2d 415, 421 (N.Y. 1995)). It is not bolstering when police simply describe the lineup process and procedures without repeating the identification of the eyewitness. *See People v. Rumph*, 940 N.Y.S.2d 769, 771 (App. Div. 2012); *People v. Tucker*, 807 N.Y.S.2d 85, 86 (App. Div. 2006). Similarly, when a police witness explains the process of investigation that he or she took in response to learning of information from another officer, the witness's repetition of the other officer's hearsay statement is not impermissible bolstering. *See People v. Gates*, 829 N.Y.S.2d 330, 331 (App. Div. 2007); *People v. Tanksley*, 685 N.Y.S.2d 86, 87 (App. Div. 1999).

None of the testimony Totesau has identified as objectionable amounts to bolstering. First, he alleges that it was bolstering for the prosecution to call four police officer witnesses to "testify, in essence, that the lineups were 'fair.'" Yet Totesau concedes that "this testimony was focused entirely on the procedures that were followed to avoid tainting the identifications." *Id.* Under New York law, an "officer's testimony describing the lineup procedure and stating that the victim viewed a lineup in which defendant was included, without stating that the witness actually

4

identified the defendant, does not constitute bolstering." *People v. James*, 692 N.Y.S.2d 50, 51 (App. Div. 1999). Because none of the officers testified that any witness actually identified the defendant, the police testimony was not bolstering, and it was therefore reasonable for his counsel to refrain from objecting on bolstering grounds.

Second, Totesau claims improper bolstering occurred when police officers testified about the victims' apparent fear and panic following the robbery. Such nonhearsay testimony, however, also does not amount to bolstering. *See Spicola*, 922 N.Y.S.2d at 852, n.2 ("We know of no decisions holding that a witness's testimony describing a hearsay declarant's demeanor or expression is inadmissible."). It follows that Totesau's counsel had good reason not to object to this testimony based on a bolstering theory.

Finally, Totesau alleges that the prosecution engaged in objectionable bolstering when, during summation, it referred to the victims' courtroom identification of him as the gunman who robbed them. But this, too, was not bolstering. By definition, a summation point is not testimony and thus cannot be construed as bolstering. Moreover, to the extent the prosecutor referenced identification testimony given in court, prosecutors may marshal evidence during closing argument, and such comment was therefore appropriate.[1]

In sum, none of the allegedly objectionable testimony constituted bolstering. As a result, it was reasonable for Totesau's counsel to withhold objection. Because his counsel acted reasonably, the state court did not unreasonably apply *Strickland* in rejecting Totesau's ineffective assistance of counsel claim. Accordingly, the district court did not err in denying habeas relief.

\* \* \*

---

[1] Similarly without merit are Totesau's related attacks on the prosecution's comment on (1) the witnesses' initial description of the perpetrators; and (2) the context of the lineup.

5

We have considered Totesau's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
