■ The People of the State of New York, Respondent, v Denise Harrington, Appellant. [694 NYS2d 354] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered September 20, 1996, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing her to a term of 5½ to 11 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 3 to 6 years, and otherwise affirmed.

The trial court properly exercised its discretion in permitting the People to introduce rebuttal evidence since it was offered to disprove a material fact set forth by defendant in her direct examination (*see, People v Beavers*, 127 AD2d 138, 141). Defendant's testimony regarding where she had spent the night before the crime was an integral part of her explanation of the events leading to the crime charged.

Contrary to defendant's claim, the court's *Allen* charge (*Allen v United States*, 164 US 492) properly stressed the importance of reaching a verdict without forcing any juror to yield a conscientious belief. Viewed in context, the court's passing reference to the possibility of a new trial was not coercive. The *Allen* charge, viewed as a whole, was balanced and did not improperly single out any particular juror (*People v Alvarez*, 86 NY2d 761; *People v Ford*, 78 NY2d 878). Moreover, defendant's claim of coercion is negated by the circumstances that, following delivery of the *Allen* charge, the jury requested further readback and instructions, and continued deliberations into the next day (*People v Cannon*, 236 AD2d 294, 295, *lv denied* 89 NY2d 1010.

We find the sentence excessive to the extent indicated.

Concur—Ellerin, P. J., Rosenberger, Buckley and Friedman, JJ.