THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ROSARIO, Appellant. [733 NYS2d 405] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered December 17, 1998, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The trial court properly exercised its discretion in permitting

the People to introduce rebuttal evidence since it tended to disprove defendant's alibi (see, People v Harrington, 262 AD2d 220, lv denied 94 NY2d 823; see also, People v Marsh, 264 AD2d 647, lv denied 94 NY2d 825). While the rebuttal evidence concerned defendant's whereabouts several months prior to the crime, it was not collateral because defendant had made his various travels to Florida over an extended period of time integral parts of his alibi defense. Furthermore, the prejudicial effect of revealing to the jury that defendant had served 30 days in jail for an unspecified offense was minimal, particularly in light of the court's limiting instructions, and was outweighed by the probative value of the rebuttal evidence. In any event, were we to find any error, we would find it harmless in light of the overwhelming evidence of defendant's guilt.

Defendant failed to make a prima facie showing of racial discrimination by the prosecution in the exercise of its peremptory challenges, particularly in light of the racial makeup of the panel of prospective jurors (see, People v Ware, 245 AD2d 85, lv denied 91 NY2d 978). The mere number of peremptory challenges exercised by the prosecution against African-Americans did not establish a prima facie case and defendant failed to show disparate treatment of similarly situated panelists or other relevant circumstances to raise an inference of a discriminatory purpose (see, People v Jenkins, 84 NY2d 1001; People v Bolling, 79 NY2d 317).

Defendant's challenges to the prosecutor's questioning of witnesses and comments in summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (see, People v Overlee, 236 AD2d 133, lv denied 91 NY2d 976; People v D'Alessandro, 184 AD2d 114, 118-119, lv denied 81 NY2d 884). Concur—Andrias, J. P., Wallach, Lerner, Rubin and Buckley, JJ.