THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP WARREN NELSON, Appellant. [791 NYS2d 236]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 16, 2002. The judgment convicted defendant, upon a jury verdict, of rape in the third degree, sodomy in the third degree (two counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of one count each of rape in the third degree (Penal Law § 130.25 [2]) and endangering the welfare of a child (§ 260.10 [1]), and two counts of sodomy in the third degree (former § 130.40 [2]). Defendant was sentenced as a persistent nonviolent felony offender to consecutive indeterminate sentences of 25 years to life on each felony count. On appeal, defendant contends that the statutory scheme in New York pursuant to which he was adjudicated a persistent felony offender is unconstitutional. Although defendant's contention is preserved for our review, it nevertheless is without merit (*see People v Rosen*, 96 NY2d 329, 334-335 [2001], *cert denied* 534 US 899 [2001]; *People v Johnson*, 5 AD3d 1050 [2004], *lv denied* 3 NY3d 642, 676 [2004]). Defendant contends that the decision of the Court of Appeals in *Rosen* is no longer valid in light of *Blakely v Washington* (542 US 296, 124 S Ct 2531 [2004], *reh denied* — US —, 125 S Ct 21 [2004]). We disagree. In *Blakely* (542 US at —, 124 S Ct at 2536-2537), the United States Supreme Court applied the rule set forth in *Apprendi v New Jersey* (530 US 466 [2000]) to the facts in *Blakely*, noting that "[t]hese principles have been acknowledged by courts and treatises since the earli-

est days of graduated sentencing; we compiled the relevant authorities in *Apprendi* . . ., and need not repeat them here." The rule applied in *Blakely*, as set forth in *Apprendi*, is that, " '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt' " (*Blakely*, 542 US at —, 124 S Ct at 2536, quoting *Apprendi*, 530 US at 490). In *Rosen* (96 NY2d at 335), the Court of Appeals wrote that it is clear from the persistent felony offender statutory framework that the prior felony convictions are the sole determinant "of whether a defendant is subject to enhanced sentencing as a persistent felony offender . . . [, and d]efendant had no constitutional right to a jury trial to establish the facts of his prior felony convictions (*see, Apprendi*, [530 US at 488])." Contrary to defendant's contention, *Blakely* does not render invalid the analysis of the Court of Appeals in *Rosen*.

Contrary to the further contention of defendant, the evidence produced at the persistent felony offender hearing is sufficient to support the finding that his continued incarceration is "warranted to best serve the public interest" (CPL 400.20 [1]). Finally, the sentence is not unduly harsh or severe. Present— Pigott, Jr., P.J., Pine, Scudder, Gorski and Lawton, JJ.