THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BAKER, Appellant. [817 NYS2d 793]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered March 26, 2002. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree, sexual abuse in the first degree, attempted rape in the first degree and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of sodomy in the first degree (Penal Law former § 130.50 [4]), sexual abuse in the first degree (§ 130.65 [1]), attempted rape in the first degree (§§ 110.00, 130.35 [4]), and two counts of endangering the welfare of a child (§ 260.10 [1]). Contrary to defendant's contention, the testimony of the two victims was not so inconsistent as to render that testimony incredible as a matter of law (*see People v Roberts*, 231 AD2d 859 [1996], *lv denied* 89 NY2d 1014 [1997]; *see also People v Batista*, 235 AD2d 631, 632 [1997], *lv denied* 89 NY2d 1088 [1997]). In any event, we note that defense counsel highlighted those inconsistencies in his cross-examination of the two victims and on summation and the jury nevertheless credited their

testimony, and we afford "deference to the jury's superior ability to evaluate the credibility of the People's witnesses" (*People v Moore*, 17 AD3d 786, 789 [2005], *lv denied* 5 NY3d 792 [2005]). Consequently, we cannot agree with defendant that, based on the inconsistencies in the testimony of the two victims, the conviction is not supported by legally sufficient evidence and the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Smith, JJ.