# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

786

KA 05-01321

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

GUSTAVO ROMAN, DEFENDANT-APPELLANT.

---

PHILLIP R. HURWITZ, ROCHESTER, FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered December 3, 2004. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of rape in the first degree (Penal Law § 130.35 [1], [4]), defendant contends that the evidence is legally insufficient to support the conviction. Defendant failed to preserve that contention for our review, however, both "because his motion for a trial order of dismissal 'was not specifically directed at the ground[s] advanced on appeal' " (*People v Johnson*, 78 AD3d 1548, *lv denied* 16 NY3d 743; *see People v Hawkins*, 11 NY3d 484, 492; *People v Gray*, 86 NY2d 10, 19), and because he failed to renew his motion after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to object to the alleged repugnancy of the verdict before the jury was discharged and thus failed to preserve for our review his contention that the verdict is repugnant insofar as the jury found him guilty of two counts of rape in the first degree and acquitted him of two counts of rape in the first degree with respect to the same victim (*see People v Alfaro*, 66 NY2d 985, 987; *People v Henderson*, 78 AD3d 1506, 1507, *lv denied* 16 NY3d 743). In any event, that contention likewise is without merit inasmuch as County Court's initial and supplemental charges, viewed both as a whole and together with the summations and the trial testimony, adequately informed the jury that the acts underlying the charges in the fifth and sixth counts of which defendant was convicted were alleged to have occurred

subsequent to the charges in the counts of which he was acquitted. Thus, the charges were adequately linked sequentially to the victim's testimony (*see generally People v Hutchinson*, 213 AD2d 1048, 1048-1049, *lv denied* 86 NY2d 736; *People v Drayton*, 198 AD2d 770). Contrary to defendant's further contention, he was not denied effective assistance of counsel based on defense counsel's failure to object to the verdict on repugnancy grounds. Because we have concluded herein that the verdict is not repugnant, it cannot be said that, if such an objection had been made, it would have been successful (*see generally People v Caban*, 5 NY3d 143, 152; *People v Wright*, 41 AD3d 1221, *lv denied* 9 NY3d 928; *People v Phelps*, 4 AD3d 863, *lv denied* 2 NY3d 804).

Defendant failed to preserve his further contention that the court's *Allen* charge coerced a verdict (*see People v Al-Kanani*, 33 NY2d 260, 265, *cert denied* 417 US 916; *People v White*, 75 AD3d 109, 125, *lv denied* 15 NY3d 758; *People v Gaffney*, 299 AD2d 922, 923, *lv denied* 99 NY2d 582). In any event, the court's *Allen* charge, "when read as a whole, . . . was neutral and balanced" (*People v Miller*, 292 AD2d 165, *lv denied* 98 NY2d 678), and was not coercive (*see People v Harrington*, 262 AD2d 220, *lv denied* 94 NY2d 823; *People v Gonzalez*, 259 AD2d 631, 631-632, *lv denied* 93 NY2d 970). Furthermore, "[b]ecause the *Allen* charge was not improper, the defendant's ineffective assistance of counsel claim, [insofar as it is] based . . . on his attorney's failure to object to the charge, is without merit" (*People v McKenzie*, 48 AD3d 594, 595, *lv denied* 10 NY3d 867).

With respect to defendant's further contention that he was deprived of a fair trial by prosecutorial misconduct during summations, "[a]s defendant . . . concede[s] . . ., he did not object to all of the cited alleged improprieties. Thus, most of his claims have not been preserved for [our] review" (*People v Overlee*, 236 AD2d 133, 136, *lv denied* 91 NY2d 976). We decline to exercise our power to review those claims that are not preserved for our review (*see* CPL 470.15 [6] [a]), and we reject defendant's contention with respect to the remaining claims. Importantly, we note that "the prosecutor [did not] vouch for the credibility of the People's witnesses. Faced with defense counsel's focused attack on their credibility, the prosecutor was clearly entitled to respond by arguing that the witnesses had, in fact, been credible . . . An argument by counsel that his [or her] witnesses have testified truthfully is not vouching for their credibility" (*Overlee*, 236 AD2d at 144). Furthermore, even assuming, arguendo, that defendant preserved for our review his contention that a juror engaged in misconduct by failing to disclose that she had read newspaper coverage of this incident, we conclude that "the court's inquiry of the juror[] at issue sufficiently established that [she] had not engaged in 'misconduct of a substantial nature' " (*People v Fernandez*, 269 AD2d 167, 168, *lv denied* 95 NY2d 796, quoting CPL 270.35 [1]).

The sentence is not unduly harsh or severe. We note, however, that the certificate of conviction incorrectly recites that, under count six of the indictment, defendant was convicted of rape in the

first degree under Penal Law § 130.35 (3), and it must therefore be amended to reflect that he was convicted under Penal Law § 130.35 (4) (*see People v Martinez*, 37 AD3d 1099, 1100, *lv denied* 8 NY3d 947).  We have considered defendant's remaining contentions, including his additional contentions concerning the sentence and ineffective assistance of counsel not expressly addressed herein, and conclude that they are without merit.

Entered:  June 10, 2011                        Patricia L. Morgan
                                               Clerk of the Court