=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 167
The People &c.,
           Respondent,
        v.
William Cullen,
           Appellant.




        Kristen N. McDermott, for appellant.
        James P. Maxwell, for respondent.






MEMORANDUM:

        The order of the Appellate Division should be affirmed.

        Complainant, who was born in 1993, discovered the

identity of her biological father, defendant William Cullen, in

early 2006 when she was 12 years old.  She expressed a desire to

get to know him, and her mother arranged for the three of them

- 1 -

to meet at a restaurant at a local mall.  In June 2006, just after complainant turned 13 years old, she moved in with defendant.  She resided with defendant until mid-October 2007, and visited him on a few occasions later that fall over a weekend.  On December 12, 2007, complainant entered the Cayuga Home for Children (CHC) in Auburn, New York, where she had been placed by Family Court.  Later in December 2007, complainant discovered that she was pregnant.

Complainant knew that defendant was the father because, beginning in the summer of 2007, he had forced her to have sex with him, including on her last weekend visit with him in November 2007.  At first, she lied that the father was "David," someone whom she invented.  In the spring of 2008, however, complainant dropped a "hint" about defendant's sexual conduct towards her in a conversation with her mother.  She finally fully disclosed the truth to a CHC counselor.  She later testified that after her pregnancy was terminated, the counselor kept "drilling," pressing her to reveal what was wrong, and "eventually [complainant] just popped [because she] couldn't deal with it anymore . . . [Defendant] just kept not being a father, and . . . everything that he did built up and built up and built up, and [she] ended up just saying everything."

In March 2009, defendant was indicted for second-degree rape (Penal Law § 130.30 [1]), second-degree incest (Penal Law § 255.26) and other crimes.  At his ensuing jury trial, Supreme

Court, over objection, allowed the prosecutor to ask complainant's mother if she "remember[ed] having a conversation with [complainant] . . . regarding conduct by her father," and when this occurred; and if she remembered "receiving information that [complainant] had made a disclosure to someone at CHC," and when this occurred. Again over objection, the CHC counselor was asked if she had ever had a conversation with complainant about her father, and if, on April 14, 2008, complainant made a disclosure to her "about some sexual misconduct by [defendant]." The counselor answered "yes" to both questions, and the judge advised the jury that this testimony "[was] not evidence that [defendant] did anything wrong. It just explains the subsequent conduct of the witness. It's not evidence that [defendant] did anything wrong, it's hearsay."

The jury convicted defendant of rape, incest and other sexual crimes; Supreme Court sentenced him to 15 years in prison, to be followed by 5 years of postrelease supervision. Defendant appealed, and the Appellate Division unanimously affirmed (110 AD3d 1474 [4th Dept 2013]). Citing its earlier decision in People v Ludwig (104 AD3d 1162 [4th Dept 2013]), the court rejected defendant's claim of improper bolstering because the objected-to testimony of complainant's mother and the CHC counselor "was not admitted for its truth" (id. at 1475). The Appellate Division also disallowed defendant's other claims (that pervasive misconduct permeated the prosecutor's summation; and

that the trial judge improperly constructively amended the indictment and admitted evidence of prior bad acts), to the extent preserved, and concluded that defendant had received the effective assistance of counsel.  A Judge of this Court granted defendant permission to appeal (22 NY3d 1087 [2014]), and we now affirm.

The trial judge did not abuse his discretion when he allowed the People to elicit testimony about the fact and timing of complainant's revelations for the nonhearsay purpose of explaining the events kicking off the investigative process that led to the charges against defendant (see generally People v Ludwig, __ NY3d __, 2014 N.Y. LEXIS ___ [2014] [decided today]). Complainant admittedly passed up many opportunities to report defendant's alleged sexual misconduct, and the defense attributed her accusations to the wrath of a troubled girl trying to get even with defendant for not winning her release from the CHC group home and taking her back to live with him.  The jury was therefore permitted to consider evidence of the circumstances of complainant's delayed disclosure.  Finally, we consider defendant's claim of ineffective assistance of counsel to be without merit.

People v Cullen

No. 167

LIPPMAN, Chief Judge (concurring in result):

For the reasons stated in my dissent in the companion case of People v Ludwig, I disagree with the majority's reasoning in this case. However, here the court confined the statements to the report alone, and prohibited witnesses from repeating the complainant's statements concerning the description of the crime itself. Given the overwhelming evidence against defendant in this case and the less prejudicial nature of the error, I would find the error here harmless (People v McDaniel, 81 NY2d 10, 18 [1993]).

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order affirmed, in a memorandum. Judges Graffeo, Read, Pigott and Abdus-Salaam concur. Chief Judge Lippman concurs in result in an opinion in which Judge Rivera concurs. Judge Smith concurs in result for reasons stated in his concurring opinion in People v Ludwig, ___ NY3d ___ (decided today).

Decided October 23, 2014

- 1 -