People v Collins (2021 NY Slip Op 04819)





People v Collins


2021 NY Slip Op 04819


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


388 KA 19-00380

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT COLLINS, DEFENDANT-APPELLANT. 






DANIELLE C. WILD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered February 28, 2018. The judgment convicted defendant upon a jury verdict of course of sexual conduct against a child in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On February 28, 2018, County Court rendered a judgment convicting defendant upon a jury verdict of two counts of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]) and imposed a sentence of imprisonment. Defendant was later resentenced on January 23, 2019, upon the People's application, to a greater term of imprisonment than that originally imposed. Defendant now purports to appeal from a "judgment of conviction . . . rendered on January 23, 2019," but the only contention raised by defendant on appeal relates to the judgment rendered on February 28, 2018. We exercise our discretion in the interest of justice to treat the appeal as taken from the judgment rendered on February 28, 2018 (see CPL 460.10 [6]), and we note that defendant's appeal from that judgment is timely pursuant to CPL 440.40 (6).
Nevertheless, contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although an acquittal would not have been unreasonable, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Baker, 30 AD3d 1102, 1102-1103 [4th Dept 2006], lv denied 7 NY3d 846 [2006]). Although defendant contends that there were inconsistencies in the testimony of the victims, those " 'inconsistencies are not so substantial as to render the verdict against the weight of the evidence' " (People v Carpenter, 187 AD3d 1556, 1558 [4th Dept 2020], lv denied 36 NY3d 970 [2020]; see Baker, 30 AD3d at 1102-1103).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court