People v Bubis (2022 NY Slip Op 02902)

People v Bubis

2022 NY Slip Op 02902

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.

157 KA 19-01364

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GARY A. BUBIS, JR., DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered June 19, 2019. The judgment convicted defendant upon a jury verdict of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [4]), defendant contends that County Court erred in denying that part of his omnibus motion seeking to dismiss the indictment pursuant to CPL 210.35 (5), based on statements allegedly made by a grand juror approximately seven months after defendant was indicted. We reject that contention. "[D]ismissal of an indictment under CPL 210.35 (5) must meet a high test and is limited to instances of prosecutorial misconduct, fraudulent conduct or errors which potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (People v Fisher, 101 AD3d 1786, 1786 [4th Dept 2012], lv denied 20 NY3d 1098 [2013] [internal quotation marks omitted]; see People v Huston, 88 NY2d 400, 409 [1996]). Defendant failed to establish that such conduct occurred here (cf. People v Connolly, 63 AD3d 1703, 1705 [4th Dept 2009]).
We reject defendant's further contention that the court abused its discretion in denying his requests for adjournments, inter alia, to permit his attorney time to prepare for trial and to accommodate an expert witness's schedule. "The court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice" (People v Arroyo, 161 AD2d 1127, 1127 [4th Dept 1990], lv denied 76 NY2d 852 [1990]; see People v Micolo, 171 AD3d 1484, 1485 [4th Dept 2019], lv denied 35 NY3d 1096 [2020]; People v Bones, 50 AD3d 1527, 1528 [4th Dept 2008], lv denied 10 NY3d 956 [2008]), and defendant failed to show such prejudice here. Indeed, we note that defense counsel was well-prepared for trial and that the expert witness testified on defendant's behalf.
Although defendant contends that his conviction is not supported by legally sufficient evidence, his general motion to dismiss at the close of the People's case did not preserve for our review any of his specific challenges on appeal to the sufficiency of the evidence (see People v Gray, 86 NY2d 10, 19 [1995]). In addition, he failed to renew that motion after presenting proof (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant contends that he was denied effective assistance of counsel based on a series of alleged errors by defense counsel. We reject that contention. With respect to defendant's assertion that defense counsel was ineffective because he failed to request that the court charge sexual abuse in the third degree as a lesser included offense and to make an adequate motion for a trial order of dismissal, "[i]t is well settled that '[a] defendant is not denied effective assistance of trial counsel [where defense] counsel does not make
. . . a[n] argument that has little or no chance of success' " (People v March, 89 AD3d 1496, 1497 [4th Dept 2011], lv denied 18 NY3d 926 [2012], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Here, viewing the evidence in the light most favorable to defendant (see People v Martin, 59 NY2d 704, 705 [1983]), we conclude that there is no reasonable view thereof to support a finding that defendant committed the lesser offense but not the greater (see generally People v Glover, 57 NY2d 61, 63 [1982]). Similarly, inasmuch as the evidence is legally sufficient to support the conviction, defense counsel's failure to preserve the legal sufficiency challenges raised on appeal does not constitute ineffective assistance because those challenges would not have been meritorious (see People v Jackson, 108 AD3d 1079, 1080 [4th Dept 2013], lv denied 22 NY3d 997 [2013]). With respect to defendant's remaining allegations of ineffective assistance of counsel, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant further contends that he was deprived of a fair trial by allegedly improper comments made by the prosecutor during summation. Defendant's contention is without merit. "Reversal based on prosecutorial misconduct is mandated only when the conduct [complained of] has caused such substantial prejudice to the defendant that he has been denied due process of law" (People v Kerce, 140 AD3d 1659, 1660 [4th Dept 2016], lv denied 28 NY3d 1028 [2016] [internal quotation marks omitted]). Here, we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (id.). In addition, the court properly sustained defense counsel's objection to the prosecutor's statements and gave curative instructions, which the jury is presumed to have followed (see People v Flowers, 151 AD3d 1843, 1843-1844 [4th Dept 2017], lv denied 30 NY3d 104 [2018]). Thus, any prejudice was alleviated (see id.).
We further conclude that defendant failed to "establish that he was denied a fair trial by alleged cumulative errors of defense counsel, the prosecutor and the court" (People v Williams, 273 AD2d 824, 826 [4th Dept 2000], lv denied 95 NY2d 893 [2000]; see People v West, 118 AD3d 1450, 1452 [4th Dept 2014], lv denied 24 NY3d 1048 [2014]).
Contrary to defendant's contention, the sentence is not unduly harsh or severe. Finally, as defendant contends and the People correctly concede, the presentence report (PSR) has not been redacted as the court ordered during sentencing. Therefore, all copies of the PSR must be redacted in accordance with those directives (see People v Howard, 124 AD3d 1350, 1351 [4th Dept 2015]; see also People v Washington, 170 AD3d 1608, 1610 [4th Dept 2019], lv denied 33 NY3d 1036 [2019]).
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court