People v Lovines (2022 NY Slip Op 05454)

People v Lovines

2022 NY Slip Op 05454

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

695 KA 19-01915

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KYLE LOVINES, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered February 14, 2019. The judgment convicted defendant upon a plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that his waiver of the right to appeal is invalid and that the sentence imposed is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of his sentence (see People v Hoffman, 191 AD3d 1262, 1263 [4th Dept 2021], lv denied 36 NY3d 1097 [2021]; see generally People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), we conclude that the sentence is not unduly harsh or severe. The record belies defendant's further contention that County Court failed to give sufficient consideration to the psychiatric report prepared on his behalf for sentencing purposes. We agree with defendant, however, that the presentence report has not been redacted as the court ordered during sentencing, and therefore all copies of it must be redacted to correct that oversight (see People v Bubis, 204 AD3d 1492, 1495 [4th Dept 2022], lv denied 38 NY3d 1149 [Aug. 29, 2022]; see generally People v Washington, 170 AD3d 1608, 1609-1610 [4th Dept 2019], lv denied 33 NY3d 1036 [2019]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court