People v Siplin (2023 NY Slip Op 00606)

People v Siplin

2023 NY Slip Op 00606

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1039 KA 19-00988

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BERNARD SIPLIN, JR., DEFENDANT-APPELLANT. 

KIMBERLY J. CZAPRANSKI, SCOTTSVILLE, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered November 16, 2017. The judgment convicted defendant upon a jury verdict of burglary in the first degree, robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the first degree (Penal Law § 140.30 [4]). Although defendant contends that the conviction is not supported by legally sufficient evidence, his "general motion to dismiss at the close of the People's case did not preserve for our review any of his specific challenges on appeal to the sufficiency of the evidence" (People v Bubis, 204 AD3d 1492, 1493-1494 [4th Dept 2022], lv denied 38 NY3d 1149 [2022]; see generally People v Gray, 86 NY2d 10, 19 [1995]). Further, after viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they do not require reversal or modification of the judgment.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court