People v Smith (2024 NY Slip Op 02622)

People v Smith

2024 NY Slip Op 02622

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

184 KA 17-00394

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTWON M. SMITH, DEFENDANT-APPELLANT. 

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered February 16, 2017. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child (three counts) and sexual abuse in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of predatory sexual assault against a child (Penal Law § 130.96) and two counts of sexual abuse in the first degree (§ 130.65 [3]). Although defendant contends that his conviction is not supported by legally sufficient evidence, his general motion to dismiss at the close of the People's case did not preserve for our review any of his specific challenges on appeal (see People v Bubis, 204 AD3d 1492, 1493-1494 [4th Dept 2022], lv denied 38 NY3d 1149 [2022]). In any event, we conclude that the contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We reject defendant's contention that he was denied effective assistance of counsel. Viewing the evidence, the law, and the circumstances in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court