People v Wilmet (2025 NY Slip Op 03901)

People v Wilmet

2025 NY Slip Op 03901

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

365 KA 23-00860

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER L. WILMET, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ASHLEY WILLIAMS, DISTRICT ATTORNEY, GENESEO, NEW YORK PROSECUTORS TRAINING INSTITUTE, ALBANY (GLENN D. GREEN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Kevin Van Allen, J.), rendered January 10, 2023. The judgment convicted defendant, upon a jury verdict, of rape in the second degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and Livingston County Court is directed to redact all copies of defendant's presentence report in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the second degree (Penal Law former § 130.30 [1]) and endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that the verdict is against the weight of the evidence. Viewing the evidence, including DNA evidence, in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although an acquittal would not have been unreasonable, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We note that deference should be afforded to the jurors' superior ability to evaluate credibility based on their "opportunity to view the witnesses, hear the testimony and observe demeanor" (id.; see People v Savery, 209 AD3d 1268, 1269-1270 [4th Dept 2022], lv denied 39 NY3d 1075 [2023]; People v Baker, 30 AD3d 1102, 1102-1103 [4th Dept 2006], lv denied 7 NY3d 846 [2006]).
Defendant's contention that County Court erred in removing a juror is unpreserved inasmuch as he did not object to the dismissal of the juror (see CPL 470.05 [2]; People v Bailey, 32 NY3d 70, 77-79 [2018]). Defendant's contention that the court erred in not giving an Allen charge is not preserved for our review inasmuch as he failed to request an Allen charge (see People v Love, 307 AD2d 528, 531 [3d Dept 2003], lv denied 100 NY2d 643 [2003]; People v Velez, 150 AD2d 514, 515 [2d Dept 1989], lv denied 74 NY2d 748 [1989]). Defendant's contentions regarding the use of the term "rape kit" by the People and their witnesses are not preserved for review inasmuch as he failed to object to the use of that term (see People v Cullen, 110 AD3d 1474, 1475 [4th Dept 2013], affd 24 NY3d 1014 [2014]; People v Maull, 167 AD3d 1465, 1467-1468 [4th Dept 2018], lv denied 33 NY3d 951 [2019]). Defendant's constitutional challenge to the persistent felony offender statute is unpreserved for our review inasmuch as defendant failed to object to its constitutionality (see People v Woodard, 83 AD3d 1440, 1442 [4th Dept 2011], lv denied 17 NY3d 803 [2011]; People v Perez, 67 AD3d 1324, 1326 [4th Dept 2009], lv denied 13 NY3d 941 [2010]; see generally People v Cabrera, 41 NY3d 35, 45-51 [2023]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's alternative contention that the imposition of persistent felony offender status is unduly harsh and severe. Here, we conclude that defendant's "history and character . . . and the nature and circumstances of his criminal conduct indicate that extended [*2]incarceration and life-time supervision will best serve the public interest" (People v Lowery, 158 AD3d 1179, 1181 [4th Dept 2018], lv denied 31 NY3d 1119 [2018] [internal quotation marks omitted]; see People v Nelson, 16 AD3d 1172, 1173 [4th Dept 2005], lv denied 5 NY3d 766 [2005], cert denied 546 US 1043 [2005]), and it cannot be said that the court acted arbitrarily or irrationally (see People v Rivera, 5 NY3d 61, 68 [2005], cert denied 546 US 984 [2005]; People v Garno, 184 AD3d 1106, 1107 [4th Dept 2020], lv denied 35 NY3d 1065 [2020]). We decline to exercise our discretion in the interest of justice to vacate the persistent felony offender finding (see CPL 470.20 [6]).
Defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to challenge the People's amended certificate of compliance or bring a speedy trial claim, failure to ask meaningful questions during voir dire, failure to object to the use of the term "rape kit," and failure to request an Allen charge. We reject that contention. First, inasmuch as defendant failed to show how an objection to the People's amended certificate of compliance would have resulted in a successful speedy trial claim, we cannot conclude that defendant was denied effective assistance of counsel on that ground (see People v Little, 229 AD3d 1156, 1157-1158 [4th Dept 2024], lv denied 42 NY3d 971 [2024]; see generally People v Myles, 232 AD3d 1295, 1296 [4th Dept 2024], lv denied 43 NY3d 945 [2025]). Second, we conclude that "[d]efendant has failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's brief questioning of prospective jurors during voir dire" (People v Ortega, 233 AD3d 1526, 1528 [4th Dept 2024], lv denied 43 NY3d 946 [2025]). Third, defense counsel's failure to object to the use of the term "rape kit" by the People and their witnesses did not constitute ineffective assistance inasmuch as "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]). Fourth, defense counsel's failure to request an Allen charge did not constitute ineffective assistance of counsel because the request for that charge had "little or no chance of success" (id.; see generally People v Roman, 85 AD3d 1630, 1631 [4th Dept 2011], lv denied 17 NY3d 821 [2011]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude on the record before us that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
We agree with defendant, however, that the court erred in failing to redact improper statements from the presentence report (PSR) because they reference criminal conduct of which defendant was acquitted (see People v Lovines, 208 AD3d 1639, 1639-1640 [4th Dept 2022]; People v Bubis, 204 AD3d 1492, 1495 [4th Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Washington, 170 AD3d 1608, 1609-1610 [4th Dept 2019], lv denied 33 NY3d 1036 [2019]). Specifically, we agree with defendant that the inclusion in the PSR of statements regarding alleged sexual offenses by defendant involving another child, of which he was acquitted, "was inappropriate and inflammatory" (Washington, 170 AD3d at 1610). We therefore direct County Court to redact the sentence on page 10 of the PSR referring to a statement by the victim "that there could be another victim . . . who was inappropriately touched by [defendant]"; the quotation on page 10 from an investigator stating that defendant " 'was having sexual intercourse with another underage female as well. High risk for children' "; and the sentence on page 12 referring to a disclosure "that [defendant] has been sexually assaulting [the other victim] since she was nine years old" from all copies of defendant's PSR.
Finally, the sentence is not unduly harsh or severe.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court